UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                  :

UNITED STATES OF AMERICA           :

                                  :

                                  : **SEALED INFORMATION**

                -v.-               :

                                  :

JORGE RIVERA,                     18 CRIM 834

                                  :

               Defendant.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### COUNT ONE
### (Racketeering Conspiracy)

     The United States Attorney charges:

#### The Enterprise

     1.   At all times relevant to this Information, JORGE
RIVERA, the defendant, and others known and unknown, were
members and associates of the Nine Trey Gangsta Bloods ("Nine
Trey" or the "Enterprise"), a criminal organization whose
members and associates engaged in, among other activities, acts
involving murder, robbery, and narcotics trafficking.  Nine Trey
operated in and around Manhattan, the Bronx, and Brooklyn, New
York.

     2.   Nine Trey, including its leadership, its membership,
and its associates, constituted an "enterprise," as defined by
Title 18, United States Code, Section 1961(4), that is, a group
of individuals associated in fact, although not a legal entity.
The Enterprise constituted an ongoing organization whose members

functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise. At all times relevant to this Information, the Enterprise was engaged in, and its activities affected, interstate and foreign commerce. JORGE RIVERA, the defendant, participated in the operation and management of the Enterprise and participated in unlawful and other activity in furtherance of the conduct of the Enterprise's affairs.

3. Members and associates of Nine Trey engaged in a series of violent disputes with rivals of Nine Trey, including those within Nine Trey who they deemed disloyal to the Enterprise. During these disputes, members and associates of Nine Trey committed multiple shootings, robberies, and assaults against their rivals and against fellow Nine Trey members.

4. Members and associates of Nine Trey sold heroin, fentanyl, furanyl fentanyl, MDMA, dibutylone, and marijuana in and around Manhattan, Brooklyn, and the Bronx, New York.

5. Members and associates of Nine Trey committed and agreed, attempted, and threatened to commit acts of violence to protect and expand their narcotics business and to protect fellow members and associates of the Enterprise. These acts of violence included acts involving murder, acts involving robbery and extortion, and assault, intended either to protect the Enterprise's narcotics business, retaliate against members of

2

rival gangs who had encroached on the Enterprise's narcotics business, to otherwise promote the standing and reputation of Nine Trey amongst rival gangs, or to promote the standing and reputation of Nine Trey members amongst other Nine Trey members.

### Purposes of the Enterprise

6.    The purposes of the Enterprise included the following:

a.    Preserving and protecting the power, territory, and profits of the Enterprise through acts involving murder, other acts of violence, and threats of violence.

b.    Promoting and enhancing the Enterprise and the activities of its members and associates.

c.    Keeping victims and potential victims in fear of the Enterprise and its members and associates through acts and threats of violence.

d.    Providing assistance to members and associates who committed crimes for and on behalf of the gang.

e.    Enriching the members and associates of the Enterprise through, among other things, robbery and the distribution and sale of narcotics, including heroin, fentanyl, furanyl fentanyl, MDMA, dibutylone, and marijuana.

f.    Protecting the Enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence against

3

potential witnesses to crimes committed by members of the Enterprise.

Means and Methods of the Enterprise

7.    Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

a.    Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including acts involving murder, to protect and expand the Enterprise's criminal operations, and against rival gang members.

b.    Members and associates of the Enterprise used threats of violence and physical violence against other members and associates of the Enterprise to enforce and maintain discipline within the Enterprise.

c.    Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including acts involving murder, robbery, and extortion against rival gang members and other individuals adverse to the Enterprise.

d.    Members and associates of the Enterprise promoted and celebrated the criminal conduct of the Enterprise, namely narcotics distribution, acts involving violence, and the use of firearms, in music and on via social media.

e.    Members and associates of the Enterprise
obtained, possessed, and used firearms.

f.    Members and associates of the Enterprise
distributed controlled substances, including heroin, fentanyl,
furanyl fentanyl, MDMA, dibutylone, and marijuana.

### The Racketeering Conspiracy

8.    From at least in or about 2013, up to and including in
or about November 2018, in the Southern District of New York and
elsewhere, JORGE RIVERA, the defendant, and others known and
unknown, being persons employed by and associated with the
Enterprise described in Paragraphs One through Seven of this
Information, namely, Nine Trey, which enterprise engaged in, and
the activities of which affected, interstate and foreign
commerce, knowingly combined, conspired, confederated, and
agreed together and with each other to violate the racketeering
laws of the United States, to wit, Section 1962(c) of Title 18,
United States Code, that is, to conduct and participate,
directly and indirectly, in the conduct of the affairs of Nine
Trey through a pattern of racketeering activity, as that term is
defined in Title 18, United States Code, Sections 1961(1) and
1961(5), consisting of:

a.    multiple acts involving murder, chargeable under
the following provisions of state law:  New York Penal Law,
Sections 125.25 (murder), 110.00 (attempted murder), 105.15

(conspiracy to commit murder), and 20.00 (aiding and abetting murder);

b.    multiple acts involving robbery, chargeable under the following provisions of state law: New York Penal Law, Sections 160.00, 160.05, 160.10, 160.15 (robbery), 105.05, 105.10 (conspiracy to commit robbery), 110.00 (attempted robbery), and 20.00 (aiding and abetting robbery);

c.    multiple acts indictable under Title 18, United States Code, Section 1951 (relating to the interference with commerce, robbery, or extortion); and

d.    multiple offenses involving the distribution of controlled substances, including, heroin, fentanyl, furanyl fentanyl, MDMA, dibutylone, and marijuana in violation of laws of the United States, namely Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 841(b)(1)(D), and 846, and Title 18, United States Code, Section 2.

9.    It was a part of the conspiracy that the defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

(Title 18, United States Code, Section 1962(d).)

6

### COUNT TWO
### (Firearms Offense – Racketeering Conspiracy)

The United States Attorney further charges:

10.   From at least in or about 2013, up to and including in or about November 2018, in the Southern District of New York and elsewhere, JORGE RIVERA, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the racketeering conspiracy charged in Count One of this Information, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, some of which were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii), 924(c)(1)(C)(i), and 2.)

### FORFEITURE ALLEGATION AS TO COUNT ONE

11.   As a result of committing the offense alleged in Count One of this Information, JORGE RIVERA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, any and all interests the defendant acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the defendant established, operated, controlled, conducted, and participated in the conduct of, in

7

violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained, directly and indirectly, from the racketeering activity alleged in Count One of this Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

## Substitute Assets Provision

12.   If any of the property described above as subject to forfeiture, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), Title 21 United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c) to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 1963; and Title 28, United States Code, Section 2461.)

GEOFFREY S. BERMAN
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JORGE RIVERA,

Defendant.

## SEALED INFORMATION

18 Cr. ____ (PAE)

(18 U.S.C. §§ 924(c), 1962,
and 2.)


GEOFFREY S. BERMAN
United States Attorney.